AO 245 S (Rev. 1/01) Sheet 1 - Judgment in a Criminal Case

Case 3:04-cr-00328-D   Document 11   Filed 03/08/05   Page 1 of 4   PageID 9

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 8 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# United States District Court
## Northern District of Texas
### Dallas Division

UNITED STATES OF AMERICA

v.                                          Case Number    3:04-CR-328-D(01)

DAVID MILLER                                U. S. Marshal Number   32760-177
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, DAVID MILLER, was represented by Richard Alan Anderson.

The defendant pleaded guilty to Count 1 of the Information filed on November 2, 2004. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 18 USC § 471 | Counterfeit Obligations of the United States | January 28, 2004 | 1 |

As pronounced on March 4, 2005, the defendant is sentenced as provided in pages 1 through 3 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for Count 1, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States attorney of any material change in the defendant's economic circumstances.

Signed this the 8th day of March, 2005.

                                                    SIDNEY A. FITZWATER
                                              UNITED STATES DISTRICT JUDGE

Defendant: DAVID MILLER  Judgment--Page 2 of 3
Case Number: 3:04-CR-328-D(01)

## PROBATION

The defendant is hereby placed on Probation for a term of two (2) years.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of Probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of Probation in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF PROBATION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: DAVID MILLER  Judgment--Page 3 of 3
Case Number: 3:04-CR-328-D(01)

## ADDITIONAL CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

The mandatory drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the special assessment.

The defendant shall cooperate in the collection of DNA within the first 180 days of supervision, as directed by the U. S. Probation Officer.

The defendant shall provide to the U.S. Probation Officer any requested financial information.

The defendant shall participate in mental health treatment services as directed by the U.S. Probation Officer until successfully discharged.  These services may include medications prescribed by a licensed physician.  The defendant shall contribute to the costs of services rendered (co-payment) at a rate of at least $50 per month.

The defendant shall participate in the Home Confinement Program for a period of 180 consecutive days.  The defendant shall depart his place of residence only for employment and other activities approved in advance by the defendant's probation officer; maintain a telephone at the place of residence with only such enhancements as the United States Probation Officer may allow; and at the direction of the defendant's probation officer, wear an electronic monitoring device and follow electronic monitoring procedures specified by the defendant's probation officer.  The defendant shall pay the cost of the monitoring service as determined by the U. S. Probation Office.

# CLOSED

## CASE NUMBER: 3:04-CR-328-D

## DATE : 03/08/05

**TRIAL:**     \_\_\_\_ YES

    \_\_X\_\_ NO